# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-113-DCK

| | |
|---|---|
| **NEW YORK LIFE INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **CYNTHIA L. MCCULLOUGH,** ) | |
| ) | |
| **Defendant**. ) | |
| ) | |

**THIS MATTER BEFORE THE COURT** on Plaintiff's "Motion For Judicial Settlement Conference And Stay Of The Initial Attorney's Conference" (Document No. 17) filed July 26, 2019. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition. Having carefully considered the motion and the record, the undersigned will deny the motion.

Plaintiff New York Life Insurance Company ("Plaintiff") initiated this action with the filing of its "Complaint" (Document No. 1) against Defendant Cynthia L. McCullough ("Defendant") on March 9, 2018. On May 21, 2018, Defendant confirmed she wished to participate in the Court's Pro Se Settlement Assistance Program ("PSAP"). (Document No. 9). Margaret Maloney was appointed as Program Counsel for Defendant on February 12, 2019. (Document No. 11).

The parties and their counsel, including Ms. Maloney, participated in a mediated settlement conference on April 9, 2019. (Document No. 13). The mediator, Amy L. Cox Gruendel, reported on May 21, 2019 that the parties' attempts to settle this matter reached an impasse. Id.

On June 25, 2019, the Court provided Notice to the parties that they were required to conduct an Initial Attorney's Conference and file a Certification Of Initial Attorney's Conference by July 15, 2019, pursuant to Local Rule 16.1(a).

On July 16, 2019, the Court received a letter from the *pro se* Defendant requesting a stay of the Initial Attorney's Conference. (Document No. 15). The Court denied Defendant's request and ordered that the parties conduct an Initial Attorney's Conference by August 1, 2019, and file a Certificate of Initial Attorney's Conference within five (5) days. (Document No. 16).

Defendant's pending "Motion For Judicial Settlement Conference And Stay Of The Initial Attorney's Conference" (Document No. 17) was filed by Margaret Maloney on July 26, 2019. The pending motion requests "a judicial settlement conference before a magistrate judge and an order to stay the Initial Attorneys' Conference pending the outcome of the judicial settlement conference." (Document No. 17, p. 1).

The parties' "Certification And Report Of F.R.C.P. 26(f) Conference And Proposed Discovery Plan" (Document No. 19) was filed on August 6, 2019. Also on August 6, 2019, "Margaret Behringer Maloney of the law firm Maloney Law & Associates, PLLC" filed a "Notice Of Limited Appearance." (Document No. 18). Ms. Maloney suggests that she is appearing "for purposes of assisting with a second mediation and to assist Defendant in responding to any further settlement offers in this case" and that "[a]ll further notices, pleadings, and other papers should be served on the undersigned counsel [Ms. Maloney] as set forth below." (Document No. 18). Notably, Ms. Maloney participated along with Defendant in the Initial Attorney's Conference. See (Document No. 19, p. 1).

"Plaintiff's Response…" (Document No. 20) to the pending motion was filed on August 9, 2019, and Defendant's "Reply…" (Document No. 21) was filed on August 12, 2019. As such,

and noting the parties' "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 22), the pending motion is ripe for disposition.[1]

After careful review of the record of this case and the parties' briefs on the pending motion, the undersigned will respectfully deny Defendant's request. To the extent Defendant seeks a stay of the Initial Attorneys' Conference, that request is now moot since the parties have filed certification of such a conference along with a proposed discovery plan. See (Document No. 19). As to a Judicial Settlement Conference, Plaintiff argues that nothing has changed since the parties recently mediated the case and Plaintiff contends it would not be a productive use of the Court's, or the parties', time and resources to have a settlement conference now. (Document No. 20). The undersigned agrees.

The undersigned appreciates and respects the efforts of the parties and counsel to date to resolve this matter without further Court intervention. In particular, the Court is grateful for Ms. Maloney's pro bono representation at the mediation through the PSAP program. This successful program is not possible without volunteer attorneys such as Ms. Maloney.

Nevertheless, it appears at this stage that the parties are at an impasse in their on-again, off-again settlement discussions. Under all these circumstances, the Court will decline to host a Judicial Settlement Conference at this time. However, counsel for the parties, including Ms. Maloney, are directed to meet and confer through a telephone conference to discuss settlement one more time, on or before **August 28, 2019**. Following that conference, counsel shall file a Status Report. In addition, Ms. Maloney shall confirm with the Court whether she intends to fully

---

[1] The undersigned observes that the parties' consent suggests Defendant is appearing *pro se*, but also indicates service on Ms. Maloney. (Document No. 22). Candidly, the Court is a little confused about Ms. Maloney's role in this matter.

participate in this matter as Defendant's counsel or seeks to withdraw as counsel pursuant to Local Rule 83.1(f).

The Court intends to promptly file a "Pretrial Order And Case Management Plan."

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Judicial Settlement Conference And Stay Of The Initial Attorney's Conference" (Document No. 17) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that counsel for the parties shall confer as directed herein and file a Status Report on or before **August 28, 2019**.

**IT IS FURTHER ORDERED** that Defendant's counsel shall file a Notice Of Appearance, confirming her full participation in this matter as Defendant's representative, or a Motion To Withdraw, on or before **August 30, 2019**.

**SO ORDERED**.

Signed: August 16, 2019

David C. Keesler
United States Magistrate Judge